UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANERYS PENA,<br><br>                        Plaintiff,<br><br>-against-<br><br>U.S. POSTAL SERVICE,<br><br>                        Defendant. | 1:23-CV-10123 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Yanerys Pena, of the Bronx, New York, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. She sues the United States Postal Service ("USPS"), seeking unspecified relief. By order dated November 20, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that the events that are the bases for her claims occurred in Jamaica, Queens County, New York, on November 23, 2022. She also alleges the following:

> I have made a money order to my landlord for the rent for $1,000.00 . . . and they never received [it], so I went to the post[] office to request information[.] I file the inquiry at the post office to request a refund of my money order[.] I went to the Police Department for the incident information[.] I made a complaint I call the post office. I also went to the post office they just send me a letter that the money order was cash[ed] on [November 23, 2022.] It's going to be a year now and I haven[']t he[ard] nothing from the US Postal Service.

(ECF 1, at 5.)

## DISCUSSION

**A.    Sovereign immunity**

The Court must dismiss Plaintiff's claims against the USPS under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any part of the federal government, such as the USPS, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see Dolan v. USPS*, 546 U.S. 481, 484 (2006) ("[T]he Postal Service enjoys federal sovereign immunity absent a waiver.").

The Court construes Plaintiff's complaint as asserting claims for damages under the Federal Tort Claims Act ("FTCA"). The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. This waiver does not apply, however, as to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." § 2680(b). "The proper defendant in an FTCA claim is the United States. . . ." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at

*1 (D. Conn. Jan. 9, 2015). The Court therefore construes Plaintiff's claims against the USPS as brought against the United States of America.

With respect to those claims in which the FTCA's waiver of sovereign immunity does apply, a plaintiff must comply with that statute's procedural requirements before a federal court can entertain an FTCA claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final administrative denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final administrative denial by the federal entity. *See* § 2401(b). If no written final administrative determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are non jurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

To the extent that Plaintiff asserts claims for damages under the FTCA against the United States of America, arising from the USPS's alleged failure to deliver a money order that Plaintiff mailed to her landlord, sovereign immunity has not been waived as to such claims. *See*

§ 2680(b); *De Perez v. U.S. Post Office*, No. 13-CV-2442, 2013 WL 2146918, at *2 (E.D.N.Y. May 16, 2013) (dismissing the plaintiff's claim under the FTCA against the USPS, arising from "the failure to deliver her money order to the intended recipient," pursuant to Section 2680(b)).

With respect to any other claims for damages that she asserts against the United States of America, Plaintiff has not alleged facts demonstrating that she filed an administrative claim under the FTCA with a federal governmental entity for damages and received a final written administrative determination before bringing this action, nor has she alleged facts showing that it has been more than six months since she has filed such an administrative claim.

Accordingly, Court dismisses all of Plaintiff's claims against the USPS and the United States of America under the doctrine of sovereign immunity, for lack of subject matter jurisdiction, and for seeking monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *Celestine*, 403 F.3d at 82.

**B.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:   January 8, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge